NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed September 18, 2007**                                    **United States Bankruptcy Judge**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 04-81694-HDH-7 |
| VARTEC TELECOM, INC., et al. | § | |
|    Debtors, | § | Chapter 7 |
| | § | |
| JEFFREY H. MIMS, Chapter 7 Trustee for VarTec Telecom, Inc. et al. | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| JOSEPH FAIL, NANCY W. FAIL, WALTER J. FRANK, HOLLIS RAY ATKINSON, KEVIN M. MCCLEER, JOEY F. GARNER, RONALD L. HUGHES, GARY D. EGGER, A. JOSEPH MITCHELL, Jr., & CONNIE F. MITCHELL | § | Adversary No. 06-03506 |
| | § | |
|    Movants. | § | |

### MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS

On August 22, 2007, this Court considered the Motion to Dismiss Zone of Insolvency Claims ("Motion to Dismiss") filed by Defendant, Kevin McCleer, and joined by Defendants Joseph D. Fail, Nancy W. Fail, and Joey F. Garner on January 15, 2007. After consideration of the motion, responses, and replies thereto as well as the oral arguments from all interested parties, the Motion to Dismiss will be denied.

## I. Procedural Posture and Background

Defendant Kevin W. McCleer ("McCleer") filed his Motion to Dismiss Zone of Insolvency Claims contained in Plaintiff's Original Complaint. In his Original Complaint, the Chapter 7 Trustee asserts numerous claims against McCleer for breach of fiduciary duties in his position as an officer of VarTec Telecom, a Texas Corporation, and as a managing Trustee of VarTec Business Trust ("VBT"), a business trust chartered under laws of the state of Delaware. The Motion to Dismiss addresses the Chapter 7 Trustee's claims for breach of fiduciary duties to the creditors of VarTec Telecom and VBT while those entities were insolvent or within the zone of insolvency.

Joseph Fail, Nancy W. Fail, and Joey F. Garner ("Fail Defendants") filed a partial joinder wherein they sought to join the "legal defenses" raised by McCleer. Specifically the Fail Defendants joined McCleer's legal defense that directors of a still operating corporation owe no fiduciary duties to creditors.

## II. Legal Standard Under Rule 12(b)(6): A High Hurdle

Defendants have moved for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. A rule 12(b)(6) motion to dismiss "is viewed with disfavor and is rarely granted." *Lowery v. Texas A&M Univ. Sys.*, 117 F.3d 242 (5th Cir. 1997); *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). A court should not dismiss a

case for failure to state a claim upon which relief may be granted under Rule 12(b)(6) unless it "appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41 (1957). In reviewing a Rule 12(b)(6) motion to dismiss, the "court must limit its scope of review to the face of the pleading and accept as true all well pleaded facts and view them in the most favorable light to the plaintiff." *Spivey v. Robertson*, 197 F.3d 772 (5th Cir. 1999). In a Rule 12(b)(6) motion to dismiss, the court's review of documents is limited to the motion, and any "documents that are attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to [plaintiff's] claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496 (5th Cir. 2000) quoting *Venture Assoc's. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429 (7th Cir. 1993). A court should not be strained to find inferences favorable to the plaintiff, and should not accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638 (5th Cir. 2005). A court may grant a Rule 12(b)(6) motion only if the defendant can demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46.

**III. What Is The Present State Of The Law In These "Zone Of Insolvency" Cases?**

VarTech Telecom is a Texas corporation. As such, the duties owed by VarTech Telecom's officers and directors are governed by Texas law. The Fail Defendants were directors of VarTec telecom. Similarly, VBT is a Delaware chartered business trust. The laws of Delaware govern the duties owed by McCleer, as a managing trustee of the VBT. Based on a thorough reading of the case law, a cause of action based on a company's directors' and officers' fiduciary duty to creditors when the company is in the "vicinity" or "zone" of insolvency is recognized in both states.

A. **Texas Law Recognizes An Expanded Duty Of Officers And Directors To Both Shareholders And Creditors Of A Corporation When A Corporation Enters The "Zone Of Insolvency."**

Several courts have recognized that once a corporation is insolvent, the officers and directors owe fiduciary duties to the corporation's creditors, usually relying on the "trust fund" theory. *See FDIC v. Sea Pines Co.*, 692 F.2d 973, 976-77 (4th Cir. 1982) ("when the corporation becomes insolvent, the fiduciary duty of the directors shifts from the stockholders to the creditors"); *Henderson v. Buchanan (In re Western World Funding, Inc.)*, 52 B.R. 743, 763 (Bankr. D. Nev. 1985) (holding that when a corporation is insolvent the fiduciary of directors run to creditors); *Production Resources Group, LLC v. NCT Group, Inc.*, 863 A.2d 772, 790-91 (Del. Ch. 2004) ("When a firm has reached the point of insolvency, it is settled that under Delaware law, the firm's directors are said to owe fiduciary duties to the company's creditors."). This is true under Texas law as well. *See Fagan v. La Gloria Oil & Gas Co.*, 494 S.W.2d 624, 628 (Tex.Civ.App.–Houston [14th Dist.] 1973, no writ).

In the present case, the Trustee seeks to assert claims on behalf of the corporation as well as the creditors of VarTec, while the corporation was either insolvent or in the "vicinity of insolvency."

Movants rely heavily on the decision in *Floyd v. Hefner*, 2006 WL 2844245 (S.D. Tex. September 29, 2006), and argue that, in Texas, officers and directors do not have a fiduciary duty in favor of a corporation's creditors when the corporation enters the vicinity of insolvency. There are several reasons that this Court does not find that decision controlling on the present adversary proceeding. First, *Floyd v. Hefner* is an unpublished decision of the Southern District of Texas, and therefore not binding precedent on this Court. Second, *Floyd v. Hefner* relies heavily on *Conway v. Bonner*, 100 F.2d 786 (5th Cir. 1939), which is distinguishable and which

dealt significantly with the issue of when a corporation is insolvent thereby giving rise to a fiduciary duty. In fact, "much testimony was introduced to prove insolvency at the time of the transfer, on the theory that the corporation was insolvent if its total assets were less than its debts," but insolvency in fact did not require the directors to act as fiduciaries for the corporation's creditors. *Id* at 787. Subsequent to the 1939 panel decision in *Conway v. Bonner*, the Texas Legislature changed the permissible definition of insolvency to include a company's projection of near term insolvency, which somewhat undermines the decision's continuing validity.

Additionally, at the end of the decision, the Court noted that "The appellee predicated his suit entirely upon the trust fund doctrine, and relied for recovery solely upon the right of the creditors. If he had sought to recover in the right of the corporation, and the appellee had consented or had not objected to federal jurisdiction, there would have been a different case." *Conway v. Bonner*, 100 F.2d at 786.

And, more recent Fifth Circuit precedent recognizes that a corporation's creditors are able to bring a cause of action against the corporation's officers and directors when the corporation enters the zone of insolvency. *Carrieri v. Jobs.com, Inc.*, 393 F.3d 508, 534 n.24 (5th Cir. 2004) ("When a corporation reaches the 'zone of insolvency', as with actual insolvency, the officers and directors have an expanded fiduciary duty to all creditors of the corporation, not just the equity holders."). This Court recognizes that this statement in *Carrieri* is dicta; however, the reasoning is highly persuasive in light of other case law, particularly case law in Delaware, as discussed *infra*. *See Weaver v. Kellogg* 216 B.R. 563, 584 (S.D. Tex. 1997) (under both Delaware law and Texas law, corporate insiders may have a fiduciary duty to the corporation's creditors when the corporation is in the vicinity of insolvency).

B.  **Under Delaware Law, Creditors Of A Corporation That Is Either Insolvent Or In The "Zone Of Insolvency" Have A Right To Bring A Derivative Action On Behalf Of The Corporation For Breach Of Fiduciary Duty Against Its Directors.**

A seminal case from Delaware for the proposition that the duties of officers and directors expand to include creditors and that creditors may bring derivative claims against a corporation's officers and directors when the corporation is in this grey area is *Credit Lyonnais Bank Nederland, N.V. v. Pathe Communications Corp.*, 1991 WL 277613 (Del. Ch. Dec. 30, 1991). *See Liquidating Trustee of the Amcast Unsecured Creditor Liquidating Trust v. Baker (In re Amcast Indus. Corp.),* 365 B.R. 91, 105 n.6 (Bankr. S.D. Ohio 2007).  And, as stated recently by Judge Leif Clark, "Courts across the nation have looked to Delaware for further developments and clarification regarding the cause of action."  *I.G. Services v. Wells Fargo Bank*, 2007 WL 2229650 *2 (Bankr. W.D. Tex. July 31, 2007).  While some more recent opinions that have been issued from the Delaware Court of Chancery have more recently backed away from the premise attributed to the *Credit Lyonnais* decision, *see, e.g., Production Resources Group, L.L.C. v. NCT Group, Inc.,* 863 A.2d 772, 788 -89 (Del. Ch. 2004), "it was not until just this late spring that the Delaware Supreme Court finally helped to clear what have been for many years very muddy legal waters." *I.G. Services v. Wells Fargo Bank*, 2007 WL 2229650 at *2.

In *North American Catholic Educational Programming Foundation, Inc. v. Gheewalla*, ___ A.2d ___, 2007 WL 1453705 (Del.Sup. May 18, 2007), creditors sought to sue directors for breach of fiduciary duties.  The Delaware Supreme Court ruled that the creditors did not have a direct action against the directors, because the essential nature of their action was a derivative suit on behalf of the corporation. *Id*. at *7   Prior to the Delaware Supreme Court's decision, an open question had existed as to what fiduciary claims creditors could bring against directors of an insolvent corporation or a corporation operating in the "zone of insolvency."  However, in

*Gheewalla* the court clarified that directors owe fiduciary duties to the corporation. *Id*. When a corporation is solvent, those duties may be enforced by its shareholders, who have standing to bring derivative actions on behalf of the corporation because they are the ultimate beneficiaries of the corporation's growth and increased value. When a corporation is insolvent, however, its creditors take the place of the shareholders as the residual beneficiaries of any increases in value, and consequently the creditors of an insolvent corporation have standing to maintain *derivative* claims against debtors on behalf of the corporation for breaches of fiduciary duties. *Id*. at *9.

The guidance offered by *Gheewalla* helps to resolve our issue in this case. The essence of a derivative action is that it is brought in the stead of a direct action brought by the corporation itself. Consistent with the holding in *Gheewalla*, the Chapter 7 Trustee in this case is bringing such a derivative action on behalf of the corporations' creditors. Thus, it appears that Delaware law also recognizes the cause of action brought by the Trustee in this case.

### IV. Conclusion

This Court recognizes that extending officers' and directors' duties to creditors when a corporation nears insolvency creates many issues for such officers and directors and the professionals providing them advice. However, this case revolves not around what the law should be, but what the law is. Both Texas and Delaware law recognize a cause of action for breach of fiduciary duty against the directors or officers of a corporation may be brought by the creditors of a corporation when the corporation is either insolvent or in the "zone" or "vicinity of insolvency" which is what the Trustee has pled in this case. Accordingly, Defendant's Motion to Dismiss is hereby **DENIED**.

**IT IS SO ORDERED.**

###End of Opinion###